

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

LINDA C. GOLDSTEIN

linda.goldstein@dechert.com
+1 212 698 3817 Direct
+1 212 698 0684 Fax

July 31, 2017

**BY ECF**

Honorable Gregory H. Woods
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Lee v. Twenty-First Century Fox, Inc., et al.*, No. 17-cv-3835-GHW

Dear Judge Woods:

This firm represents defendants Twenty-First Century Fox, Inc. ("21CF"), Fox News Network, LLC ("Fox News"), Mitch Davis, and Hank Weinbloom in this action. We write pursuant to this Court's Individual Rule 2(C)(i) to request a pre-motion conference on our proposed motion to dismiss Plaintiff's retaliation claims, her claims asserted directly against individuals under the New York State Human Rights Law ("NYSHRL"), and all claims asserted against Weinbloom and 21CF pursuant to Rule 12(b)(6). Plaintiff's counsel consents to this request for a pre-motion conference.

## Introduction

Plaintiff works as a shift editor for Fox News Radio, a division of Fox News. In July 2015, Fox News fired one of Plaintiff's coworkers, radio anchor Ron Flatter, after Plaintiffs and others complained about Flatter's inappropriate behavior in the newsroom. Now, two years later, Plaintiff sues the defendants for Flatter's conduct, asserting claims under the NYSHRL and the New York City Human Rights Law ("NYCHRL").

Recognizing the limitations of her claims against her employer, Fox News, Plaintiff embellishes them by alleging retaliation "through the present" (Compl. ¶ 89) and by naming three individuals and Fox News's corporate parent, 21CF, as defendants. None of these additional claims is properly asserted. Dismissal of these claims at this stage will streamline the litigation by reducing the relevant time frame for discovery and reducing the number of parties.

## Factual Background

The Complaint alleges that, between 2013 and 2015, Flatter created a hostile work environment in the Fox Radio News newsroom. In paragraphs 31 and 33 of the



Complaint, Plaintiff attributes a litany of offensive and violent remarks to Flatter, including referring to women as "sluts" and "whores." Plaintiff also alleges that Flatter harassed her based on a physical disability, referring to her as an "invalid." Compl. ¶ 38.

Plaintiff alleges that she complained about Flatter to Davis (the "Vice President of Fox News Radio"), Collins (the "Head of HR") and other executives. Compl. ¶¶ 3, 4, 27, 41-75. According to the Complaint, Plaintiff's reports of discrimination and harassment were ignored until Flatter physically threatened her, on July 1, 2015, after which she was informed that Flatter was leaving Fox News. Compl. ¶¶ 76-83.

Plaintiff also claims that she suffered retaliation for complaining about Flatter. She does not allege a demotion, a change in position, title, or responsibilities, or loss of pay or benefits. Instead, she asserts that, after she complained about Flatter, Davis and another executive "ostracize[d] her in front of co-workers" and "refused to speak to [her]," Davis and Weinbloom "engaged in heightened micromanagement of [her] daily activities," Weinbloom "chastised [her] in front of the newsroom" for arriving late to work, and Davis forced her to complete a sexual harassment training program. Compl. ¶¶ 89-95.

In addition, Plaintiff alleges that, in September 2015, "just weeks" after Flatter's termination, she received her "first bad review." Compl. ¶ 93. But, in fact, Plaintiff's 2015 performance review (incorporated into the Complaint by reference) rated her a "Solid Performer" and recommended a four-percent pay raise. The Complaint does not explain why this apparently favorable review was "bad."

## Argument

**1.     Plaintiff does not state a plausible retaliation claim**. Plaintiff's vague and conclusory allegations suggest no more than "petty slights or minor annoyances" that fail to state a plausible retaliation claim. *Tepperwien v. Entergy Nuclear Ops., Inc.*, 663 F.3d 556, 571 (2d Cir. 2011). For instance, the allegations that Plaintiff was "ostracize[d]" and "micromanage[d]" are not specific enough to state a claim. *See, e.g.*, *Miksic v. TD Ameritrade Holding Corp.*, No. 12-cv-4446, 2013 WL 1803956, at *7 (S.D.N.Y. Mar. 7, 2013) (allegations of "isolation" "amount to no more than 'annoyances that often take place at work and that all employees experience'").

Nor are the allegations that Weinbloom once chastised her for arriving late to work or that Davis forced her to complete a sexual harassment training on her computer suggestive of retaliation. *See Tepperwein*, 633 F.3d at 570; *Mazzeo v. Mnuchin*, No. 16-cv-2747, 2017 WL 2817083, at *9 (S.D.N.Y. June 29, 2017); *Gutierrez v. City of N.Y.*, 756 F. Supp. 2d 491, 511 (S.D.N.Y. 2010). Plaintiff's conclusory assertions that this



alleged differential treatment occurred "after" her complaints about Flatter are likewise insufficient to show a causal link to her complaints. *Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 411 (S.D.N.Y. 2014).

Under some circumstances, a negative performance review issued "just weeks" after a complaint of discrimination could conceivably support a retaliation claim. However, absent any allegations that Plaintiff was disadvantaged by her facially positive 2015 performance review, she has not "nudged" her retaliation claims across the line "from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**2.     Plaintiff cannot assert direct claims against individuals under the NYSHRL.** An individual cannot be liable for discrimination as an "employer" under the NYSHRL. *See* N.Y. Exec. L. § 296(1)(a); *Patrowich v. Chem. Bank*, 63 N.Y.2d 541 (1984). Even if an individual with an "ownership interest" or the "power to do more than carry out personnel decisions made by others" could qualify as an "employer," *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), the Complaint does not allege that Davis or Weinbloom had any such interest or power.

**3.     Plaintiff does not state a claim against Weinbloom.** The Complaint fails to allege that Weinbloom discriminated against Plaintiff or harassed her in any way. Nor does Plaintiff allege that she complained to Weinbloom about Flatter. Plaintiff's conclusory allegations that "[u]nquestionably, Pigott, Davis and Weinbloom were present on many occasions when Flatter made violent and sexist comments" (Compl. ¶ 34) and that Weinbloom once threatened to discipline her for arriving fifteen minutes late to work (Compl. ¶ 92) do not give rise to plausible claims of discrimination or retaliation.

**4.     Plaintiff does not state a claim against 21CF.** A corporate parent cannot be held liable for its subsidiary's employment practices unless the plaintiff alleges that the two acted as a single employer or a joint employer. *See Griffin v. Sirva, Inc.*, 858 F.3d 69, 70 (2d Cir. 2017); *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 227 (2d Cir. 2014); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995). Plaintiff fails to allege any facts to support that 21CF had anything to do with her employment by Fox News, let alone that 21CF and Fox News acted as a single employer or a joint employer.

Respectfully submitted,

*/s/ Linda C. Goldstein*

Linda C. Goldstein

cc:   All Counsel of Record by ECF